IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CALLIE J. CASTEEL                                                                    PLAINTIFF

VS.                                      CIVIL NO. 05-3015

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Callie Casteel, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act (the "Act").

**Procedural Background:**

The application for DIB now before this court was filed on April 26, 1999, alleging an onset date of October 15, 1998, due to pain resulting from conditions of the lower back and right foot, as well as chronic obstructive pulmonary disorder ("COPD"). (Tr. 45-46, 54). An administrative hearing was held on March 7, 2000. (Tr. 277-300). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was forty-nine years old and possessed the equivalent of a high school education. (Tr. 15, 60). The record indicates that she had past relevant work experience as a licensed practical nurse ("LPN"). (Tr. 55).

On April 26, 2000, the Administrative Law Judge ("ALJ") issued a written decision finding that plaintiff's impairments were severe. (Tr. 20). However, he concluded that they did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC") to perform a full range of light work. Utilizing the Medical-

Vocational Guidelines ("the Grids"), the ALJ then concluded that plaintiff could still perform work that existed in significant numbers in the national economy. (Tr. 20).

On February 2, 2005, the Appeals Council declined to review this decision. (Tr. 6-10). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties were afforded the opportunity to file appeal briefs, but plaintiff has chosen not to do so. (Doc. # 6, 7).

**Discussion:**

This court's review function is extremely limited. The court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision, taking into account whatever in the record fairly detracts from its weight. 42 U.S.C. § 405(g); *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989); *see also, Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445 (8th Cir. 1983); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir. 1983). The court must accept the agency's factual determinations and reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.*, 540 F.2d 353, 355 (8th Cir. 1976). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

There is a distinction between "substantial evidence" and "substantial evidence on the record as a whole."

> "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court must also take into consideration the weight of the evidence in the record and applying a balancing test to evidence which is contradictory.

*Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989).

The undersigned has concluded that this court is unable to conduct the review of the record which the above cited authority requires. This is so because a portion of the medical evidence is not contained in the transcript currently before the court. Specifically, the Appeals Council considered a medical record dated February 28, 2000, from Dr. Mays concerning plaintiff's back impairment. Plaintiff contends that this record details the fact that she was not only treated via spinal blocks but also underwent fusion surgery. This record, however, is not contained in the record. After reviewing the testimony, the court has determined that the missing information is necessary for a full and complete review of this matter. Therefore, it is impossible for the court to determine if substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g). Until the entire record is gathered and filed, the court does not have the ability to enter a proper judgment on the merits of this case.

The undersigned declines to remand this matter for several reasons. To remand this matter pursuant to sentence four, as opposed to sentence six, would be inappropriate in light of the prejudicial effect such remand would have on the plaintiff's right of redress before this court.

The United States Court of Appeals for the Eighth Circuit has held:

Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98-99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)*; Hafner v. Sullivan,* 972 F.2d 249, 250-51 (8th Cir.1992). **Sentence four, by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. See *Melkonyan,* 501 U.S. at 98, 111 S.Ct. 2157.**

**Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings**. *See* 42 U.S.C. § 405(g)*; Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Woolf v. Shalala,* 3 F.3d 1210,

> 1215 (8th Cir.1993). The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). This substantive distinction insures that a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. *Melkonyan,* 501 U.S. at 98, 111 S.Ct. 2157*; see Finkelstein,* 496 U.S. at 626, 110 S.Ct. 2658.

*Buckner v. Apfel,* 213 F.3d 1006, 1010 (8th Cir. 2000) (emphasis supplied).

> The statute provides, in its pertinent part:
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g).

The standard language contained in Appeals Council's letters, advising plaintiffs of the action taken on a Request for Review, advises that it will be presumed the letter is received within five (5) days after the date shown on the letter, unless a reasonable showing to the contrary is made. Potentially, if the matter was remanded pursuant to sentence four, without direction to Commissioner to supplement the record and issue a new decision, any subsequent effort by plaintiff to commence a new civil action seeking judicial review of the denial of benefits would be barred.

A sentence six remand would also be inappropriate in light of the filing of the Commissioner's answer (Doc. # 6).

The court has been unable to find any clear statutory direction for such a circumstance as this, where remand would technically not fit the definition/requirements of sentence six, and where, if done pursuant to sentence four, it would ultimately result in the plaintiff being time-barred from seeking judicial review, once the record has been supplemented.

The undersigned directs the Commissioner to supplement or reconstruct the missing portion of the transcript, within a reasonable period of time, **not to exceed 60 days**. This matter will be administratively terminated pending the submission of the transcript of the entire record by the Commissioner. In the event the Commissioner is unable to produce a *certified* transcript containing a record of the entire administrative hearing, the Commissioner **shall notify the court of the reasons for her inability to supplement the record by means of filing an appropriate motion or notice.**

## Conclusion:

Based on the foregoing, we recommend that the Commissioner be directed to supplement the record as outlined above, within a reasonable period of time. For such purposes, a reasonable period of time shall be 60 days. Further, in the event the Commissioner is unable to supplement or reconstruct the administrative record, she should be directed to notify the court via motion or notice of her inability to comply with the requirements of this opinion. The United States District Court Clerk should also be directed to administratively terminate this matter to allow the Commissioner a reasonable period of time to locate or reconstruct the missing portion of the administrative record. Should the Commissioner be unable to supplement the record as directed, within the time constraints set forth in the court's Order so directing, the court should then entertain an appropriate motion to remand.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this day 25th of May 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE