IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CALLIE CASTEEL                                                                    PLAINTIFF

v.                                    CIVIL NO. 05-3015

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Callie Casteel, appealed the Commissioner's denial of benefits to this court. On October 5, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 9). Plaintiff now moves for an award of $2165.11 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 16.85 hours of work before the court at an hourly rate of $125.00 and $58.61 in expenses.[2] (Doc. # 13). The defendant has filed a response, expressing no objections to this award. (Doc. # 14).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2]We note that counsel has failed to file a brief in support of his motion. *Local rule 7.2(a)* requires that all motions not specifically itemized as an exception in subsection (d) therein "shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law." Counsel is advised that failure to file said brief with future motions will result in the denial of his motion for attorney fees.

substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The Commissioner filed a response expressing no objection to the award of a reasonable attorney's fee under the EAJA, the hourly rate requested by plaintiff's counsel for attorney's fees or the number of hours expended by plaintiff's counsel. (Doc. # 14). The court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the

prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $125.00. We find plaintiff's attorney entitled to compensation at this rate.

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  *Id.*  Where documentation is inadequate, the court may reduce the award accordingly.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.  Plaintiff's counsel has not attached a summary of the Consumer Price Index as an exhibit and has not presented evidence of an increase in the cost of living.  Accordingly, we find that plaintiff's counsel is entitled to an hourly rate of $125.00 per hour.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Counsel requests reimbursement for .30 hours for serving the defendants.  However, the court finds that these tasks could have been performed by support staff.  *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been

4

completed by support staff is not compensable under the EAJA). Therefore, these hours are not compensable under the EAJA.  Therefore, .30 attorney hours must be deducted from the total compensable time sought by counsel.

Counsel has also requested .15 for the preparation of affidavits of service, .15 for reviewing the order adopting the report and recommendation remanding the case pursuant to sentence 5, .15 hour for reviewing the order referring the case to the magistrate, and .15 hour for reviewing the order adopting the report and recommendation remanding the case pursuant to sentence four.  This court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform this task. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore we are deducting .20 hour from the total number of compensable hours sought.

Finally, counsel seeks reimbursement for $58.61 in expenses incurred with regard to the postage.  Such expenses are recoverable under the EAJA and we find $58.61 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 16.35 (16.85-.50)attorney hours, at the rate of $125.00 per hour, and $58.61 in expenses, for a total attorney's fee award of $2102.36.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this <u>16th</u> day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE